## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| ESTATE OF VINCENT L. ROWELL, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Civil Action No. 5:11-CV-3439-RRA |
| WALKER BAPTIST MEDICAL CENTER, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

This is an action "to vindicate the constitutional rights of . . . Vincent L. Rowell," who died in the Walker County Jail on October 6, 2009, allegedly as a result of injuries received in the custody of law enforcement officers.[1]  Plaintiffs are Linda Rowell and Victor Pickett, the parents of the decedent, and Horacia Pickett, the personal representative of his estate.  Their amended complaint asserts federal constitutional claims under 42 U.S.C. § 1983 against several municipal, county, and state law enforcement officers for violation of Mr. Rowell's Fourth Amendment rights to be free from unreasonable seizures and excessive force, and his Eighth Amendment right to be protected from cruel and unusual punishment.[2]  Plaintiffs also assert

---

[1] Doc. no. 29 (Amended Complaint), at 4.

[2] *Id.*  Just one example of plaintiffs' attorneys' numerous professional errors is provided by their reliance upon the Eighth Amendment as the basis for claims that defendants were deliberately indifferent to the serious medical needs of plaintiffs' decedent, Vincent L. Rowell.

supplemental state-law claims under 28 U.S.C. § 1367(a) for negligence, wantonness, and wrongful death.[3]

The action was commenced on September 22, 2011, and the original complaint alleged that "Heracio Pickett, Cousin, is the personal representative of his estate, *which is pending in the Probate Court of Jefferson County*, *Alabama*, Case No. (Pending). He sues in that capacity."[4]  In fact, a petition for letters of administration of the Estate of Vincent L. Rowell, deceased, had not then been filed with the Probate Judge of Jefferson County, and Horacia Pickett was not appointed personal representative of the Estate until September 26, 2011: *that is*, four days *after* this action was commenced;[5] *and*, nine days *before* plaintiffs' amended complaint was

That is an error because Mr. Rowell was a *pretrial detainee*.  Consequently, the protections of the Eighth Amendment did not apply to him; instead, that Amendment applies *only to* inmates of state prisons and those persons incarcerated in county jails who *have been convicted of and sentenced for* state offenses, but not yet transferred to a state prison.  Stated somewhat differently, the prohibitions of the Eighth Amendment and the caselaw gloss layered upon it do not protect *pretrial detainees*. *See Marsh v. Butler County*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (*en banc*) (citing *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 n.3 (11th Cir.1994) (*en banc*) (in turn citing *Ingraham v. Wright*, 430 U.S. 651 (1977)).

The proper constitutional basis for claims of deliberate indifference to the serious medical needs of a *pretrial detainee* is the Due Process Clause of the Fourteenth Amendment.  Even so, the Eleventh Circuit has said that "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Marsh*, 268 F.3d at 1024 n.5 (citing *Hamm v. DeKalb County*, 774 F.2d 1567, 1573-74 (11th Cir.1985); *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 n.6 (11th Cir.1997) (minimum standard for providing medical care to pretrial detainee under Fourteenth Amendment is same as minimum standard required under Eighth Amendment for convicted prisoner)).

[3] Doc. no. 29 (Amended Complaint), at 4.

[4] Doc. no. 1 (Original Complaint) ¶ 2, at 4 (emphasis supplied).  Mr. Pickett's given name is inconsistently spelled in the record of this case as "Horacia," "Horacio," and "Heracia."

[5] *See* doc. no. 51(Memorandum Brief in Support of Defendant Deputy Alfred Grace's Motion

filed on October 5, 2011.[6]

Further, plaintiffs' amended complaint was docketed only *one day prior to* the expiration of the applicable statute of limitations. *See* Ala. Code § 6-5-410(d) (1975) (prescribing that wrongful death actions "must be commenced within two years from and after the death of the testator or intestate").

The Magistrate Judge to whom this action was assigned concluded, on the basis of the foregoing facts, that plaintiffs lacked "standing" on the date the action was filed and, therefore, that this court did not possess subject matter jurisdiction.[7]  Upon receiving the Magistrate Judge's report recommending the dismissal of all claims, this court reviewed the entire file and reached an independent conclusion sustaining plaintiffs' objections to the Magistrate's report and recommendation.[8]

The case now is before this court a second time, on defendants' motions to reconsider the opinion rejecting the Magistrate Judge's recommendation to dismiss this action for lack of "standing."[9]

---

to Dismiss), Exhibit A (Docket Report from the Probate Court of Jefferson County, Alabama, indicating that "Heracia Pickett" received Letters of Administration on Sept. 26, 2011).  As observed in note 2, *supra*, Mr. Pickett's first name is spelled in various ways in the record of this case:  *e.g.*, as "Horacia," "Horacio," and "Heracia."

[6] *See* doc. no. 29 (Amended Complaint).

[7] *See* doc. no. 68 (Report & Recommendation).

[8] *See* doc. no. 94 (Opinion & Reasons).

[9] The defendants' original motion for reconsideration was filed by Police Chief T. J. Burnett, Officer Clint McKinney, and Officer Greg Glover (collectively, the "Sumiton Defendants").  *See* doc. no. 95 (Motion to Reconsider).  The following defendants subsequently adopted and joined in

# I.  ISSUES FOR RECONSIDERATION

When rejecting the Magistrate Judge's report and recommendation, this court relied on the decision of the Eleventh Circuit Court of Appeals in *Hess v. Eddy*, 689 F.2d 977 (11th Cir. 1982), *abrogated on other grounds by Wilson v. Garcia*, 471 U.S. 261 (1985).  The facts of the *Hess* case were materially similar to the facts of the present case, with one significant difference.  In *Hess*, the real party in interest — the duly appointed personal representative of the decedent's estate — was not added as a plaintiff to the action until after the expiration of the applicable statute of limitations. In contrast, in the present case, the plaintiffs filed an amended complaint adding the personal representative of the decedent's estate the day before the expiration of the statute of limitations.

On the date that the *Hess* opinion was entered, the relevant portion of Federal Rule of Civil Procedure 17(a) provided that:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the

---

the Sumiton defendants' motion for reconsideration:  Dr. David Wilson; John Mark Tirey, Sheriff of Walker County; Trent McCluskey, Jail Administrator, Walker County; Deputy Jonathan Long; Deputy Rachael Harper; Lieutenant Richard DeJesus; Deputy Alfred Grace; and the Walker County Commission.  *See* doc. nos. 96 (Defendant Dr. David Wilson's Adoption of and Joinder in the Sumiton Defendants' Motion to Reconsider), and 97 (Defendants Tirey, McCluskey, Long, Harper, DeJesus, Grace, and Walker County Commission's Adoption of and Joinder in the Sumiton Defendants' Motion to Reconsider).

action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a).[10]  The *Hess* panel held that the "plain language" of Rule 17(a)

> clearly provides that when an action is brought by someone other than
> the real party in interest within the limitations period, *and the real party
> in interest joins or ratifies the action after the limitations period has run*,
> the amendment or ratification relates back to the time suit was originally
> filed and the action need not be dismissed as time barred.

*Hess*, 689 F.2d at 980 (emphasis supplied).  The *Hess* panel emphasized that its

interpretation of the language of Rule 17(a) was consistent with Supreme Court

precedent,[11] the Advisory Committee Notes to the 1966 amendments to Rule 17,[12] the

---

[10] The full text of this Rule, as it read on Oct. 21, 1982 — the date of the Eleventh Circuit's opinion in *Hess v. Eddy* — read as follows:

> **(a)  Real Party In Interest**.  Every action shall be prosecuted in the name of the real party in interest.  An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States.  *No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.*

Fed. R. Civ. P. 17(a) (1982) (emphasis supplied).

[11] In *Levinson v. Deupree,* 345 U.S. 648, 650 (1953), the Supreme Court held that

> where a wrongful death action is brought by a party not yet properly appointed as the administrator of the decedent's estate, *and where proper appointment occurs only after the applicable state limitations period has run*, a federal court must allow the appointment to "relate back" to the time of initial filing — even though the forum state would not allow such a "relation back" and would hold the action time barred in its own courts.

commentary in trusted treatises,[13] and the decisions of most of the courts that had considered the issue.[14] *Id.* at 980-81.  Based upon those considerations, the *Hess* panel held that

> Rule 17(a) sets forth a rule of procedure that is to be applied in the federal courts.  The Rule provides that when an action is brought by someone other than the real party in interest, the suit need not be dismissed if the real party in interest subsequently joins or ratifies the action.  The Rule further provides that such subsequent joinder or ratification by the real party in interest relates back to the time the suit was first filed.  If the initial filing came within the applicable limitations period, the suit is not time barred.  Most importantly, the Rule is to be applied even where the courts of the forum state have rejected the "relation back" doctrine.  For this reason, we must conclude that the district court erred in applying Alabama law on the question of whether the doctrine of "relation back" would apply in this case.  This is a federal civil rights action, brought in a federal court, and it is the Federal Rules of Civil Procedure that must apply.

---

*Hess,* 689 F.2d at 981 (emphasis supplied) (discussing *Levinson*).

[12] The Advisory Committee stated in 1966 that the purposes of adding provisions to allow for relation back when the real party in interest is substituted after the complaint is filed were to "insure against forfeiture and injustice," and to "codify in broad terms the salutary principle of" *Levinson.*  Fed. R. Civ. P. 17 advisory committee's note.

[13] The Eleventh Circuit cited *Moore's Federal Practice* & Wright and Miller's *Federal Practice and Procedure*, both of which emphasized that Rule 17 was designed to allow relation back even when the applicable state law would not.  *Hess,* 689 F.2d at 981 (citing 3A James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 17.09 (2d ed. 1982); Charles Allen Wright & Arthur R. Miller, 6C *Federal Practice & Procedure* § 1541 (1971).

[14] The *Hess* Court cited *Farbwerke Hoechst A.G. v. M/V "Don Nicky,"* 589 F.2d 795, 797-98 (5th Cir. 1979), *Wadsworth v. United States Postal Service,* 511 F.2d 64, 65-67 (7th Cir. 1975), *Crowder v. Gordons Transports, Inc.,* 387 F.2d 413, 415 (8th Cir. 1967), *Motta v. Resource Shipping & Enter. Co.*, 499 F. Supp. 1365, 1369, 1374 (S.D. N.Y. 1980), *de Vries v. Weinstein International Corp.*, 80 F.R.D. 452, 458-59 (D. Miss. 1978), *Unilever Ltd. v. M/T Stolt Boel*, 77 F.R.D. 384 (S.D. N.Y. 1977), *James v. Nashville Bridge Co.*, 74 F.R.D. 595, 596-97 (N.D. Miss. 1977), *Caldwell v. Metcalfe*, 458 F. Supp. 847, 848 (E.D. Tenn. 1977), and *Honey v. George Hyman Construction Co.*, 63 F.R.D. 443 (D. D.C. 1974).  *See Hess,* 689 F.2d at 981 & 981 n.8.

*Hess*, 689 F.2d at 981.  Accordingly, the *Hess* panel held that the claims in that case were not time-barred, because the administratrix had been properly substituted as the real party in interest in accordance with Rule 17(a).  *Id.* at 982.

Based upon the holding in *Hess*, this court's prior opinion reasoned that the question of whether plaintiffs' *amended complaint* related back to the date on which the original complaint was filed is an issue that is governed by federal, and not state, law.[15]

Defendants attempt to distinguish *Hess* by noting that, in 1991, Congress amended Federal Rule of Civil Procedure 15(c), which governs the relation back of pleadings, and that the Eleventh Circuit subsequently reexamined the issue in *Saxton v. ACF Industries, Inc.*, 254 F.3d 959 (11th Cir. 2001) (*en banc*).  On the basis of those intervening events, defendants argue that the *Hess* opinion is no longer controlling, and that the relation back of amended pleadings now is governed by state law, and not federal law.[16]  Defendants believe that plaintiffs' amended complaint was a "nullity" under Alabama law, because there was nothing to which it could relate back.[17]  Thus, defendants seek reconsideration of two discrete issues:

1. Whether, in light of the amendments to the Federal Rules of

---

[15] Doc. no. 94 (Opinion & Reasons), at 14.

[16] Doc. no. 95 (Defendants' Motion to Reconsider), at 4.

[17] *Id.* at 5.

Civil Procedure occurring after *Hess v. Eddy*, 689 F.2d 977 (11th Cir. 1982), and the Eleventh Circuit's subsequent decision in *Saxton v. ACF Industries, Inc.*, 254 F.3d 959 (11th Cir. 2001) (*en banc*), Alabama law governing the relation back of amendments is controlling?

2.    Whether federal rules of procedure can be utilized to retroactively cure a jurisdictional defect caused by Plaintiffs' failure to comply with the substantive requirements of Alabama's wrongful death statute which are incorporated into federal law by operation of 42 U.S.C. § 1988?[18]

The brief submitted by plaintiffs' attorneys in opposition to defendants' motion is utterly devoid of relevant argument or legal authority.[19] "'It is not a court's task to research legal arguments on a party's behalf.'"  *Costa v. Sam's East, Inc.*, No. 11-0297, 2012 U.S. Dist. LEXIS 109833, *14 (S.D. Ala. Aug. 6, 2012) (quoting *Minemyer v. B-Roc Representatives, Inc.*, 695 F. Supp. 2d 797, 809 (N.D. Ill. 2009)). Even so, this court has reviewed cases post-dating the 1991 amendments to Rule

[18] *Id.* at 1-2.

[19] *See* doc. no. 100 (Plaintiffs' Response to All Defendants' Motion for Reconsideration and Argument Therefor). For example, in defendants' reply to plaintiffs' brief in opposition to the motion, defendants correctly observe that plaintiffs devote two paragraphs to advancing arguments *for the defense*, without seeming to realize what they are doing.  *See* doc. no. 102 (Reply to Opposition to Motion to Reconsider) (quoting doc. no. 100, at 6-7).  Moreover, plaintiffs' brief is replete with embarrassing spelling and grammatical errors to nearly the point of incoherence.

Given the abysmal quality of plaintiffs' pleadings over the course of this litigation, and given the fact that the need to draft the present opinion was precipitated by plaintiffs' failure to timely seek appointment as decedent's personal representatives, this court is disturbed to note that plaintiffs are represented.  In fact, plaintiffs have *three* attorneys in this action, two of whom (Antonio L. Thomas and Melvin Robinson) are admitted to practice *pro hac vice*.

Counsel are reminded that "permission to appear *pro hac vice* is [a] *privilege*, [the] granting of which is within [the] sound discretion of [the] presiding judge," and which can be revoked if they continue to violate the professional standards of this District.  *D. H. Overmyer, Co. v. First National Bank of Boston*, 750 F.2d 31, 34 (6th Cir. 1984) (citing *Thomas v. Cassidy*, 249 F.2d 91 (4th Cir. 1957) (*per curiam*), *cert. denied*, 355 U.S. 958 (1958)) (alterations and emphasis supplied).

15(c), and upon consideration of those authorities, defendants' motion for reconsideration will be denied.

### III.  DISCUSSION PART A:
### The Evolution of Fed. R. Civ. P. 17(a)

The language of that portion of Rule 17(a) upon which the decision in *Hess v. Eddy* turned had been added by amendments that became effective on July 1, 1966, more than sixteen years before the Eleventh Circuit's opinion.  The relevant language remained the same for another quarter-century, until the amendments that because effective on December 1, 2007, which were intended to be stylistic only.  *See* Fed. R. Civ. P. 17 advisory committee's note (2008) ("The language of Rule 17 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only.").  The text of the Rule was reorganized, and the relevant language now is found in subsection (a)(3), which reads as follows:

> **(3)  Joinder of the Real Party in Interest**.  The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3) (2013).  Clearly, there is no substantive distinction between the relevant language of Rule 17 as it was written in 1982 and today.

9

## IV.  DISCUSSION PART B:
## The Evolution of Fed. R. Civ. P. 15(a)

Federal Rule of Civil Procedure 15 has been amended seven times since its inception:  *i.e*., on July 1, 1963; July 1, 1966; August 1, 1987; December 1, 1991; December 1, 1993; December 1, 2007; and December 1, 2009.[20]  The first substantive change in the language of Rule 15(c) was worked by the amendments that became effective on July 1, 1966.  The subsection then read as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth *or attempted to be set forth in the original pleading*, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Schiavone v. Fortune*, 477 U.S. 21, 24 (1986) (quoting Fed. R. Civ. P. 15(c) as

---

[20] Note that the dates listed in text are the dates upon which the amendments became *effective*. *See*, *e.g*., 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* – Civil § 1471, at 583 (2010).

Prior to July 1, 1963, the effective date of the first amendment, Rule 15(c) read as follows: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." *See United States v. Johnson*, 288 F.2d 40, 42 (5th Cir. 1961) (quoting Fed. R. Civ. P. 15(c)).  The 1963 amendments to Rule 15 did not affect subpart (c).  Therefore, during the period of July 1, 1963 to July 1, 1966, Rule 15(c) continued to read as set out in the preceding sentence.  *See Staggers v. Otto Gerdau Co*., 359 F.2d 292, 297 (2d Cir. 1966) (quoting Fed. R. Civ. P. 15(c)).

amended July 1, 1966) (emphasis supplied).

Rule 15(c) received a minor, apparently stylistic, amendment on August 1, 1987; and, from that date until December 1, 1991 the Rule read as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth *or attempted to be set forth in the original pleading*, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Simmons v. South Central Skyworker's, Inc.*, 936 F.2d 268, 270 (6th Cir. 1991) (quoting Fed. R. Civ. P. 15(c) as amended Aug. 1, 1987) (emphasis supplied).

Rule 15(c) received a major amendment on December 1, 1991. From then until December 1, 1993, the date of the next amendment, Rule 15(c) read as follows:

> An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth *or attempted to be set forth in the original pleadings*, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the

11

> merits, and (B) knew or should have known that, but for a mistake
> concerning the identity of the proper party, the action would have been
> brought against the party.

*Worthington v. Wilson*, 8 F.3d 1253, 1255 (7th Cir. 1993) (quoting Fed. R. Civ. P.

15(c) as amended Dec. 1, 1991) (emphasis supplied).  The Advisory Committee Notes

on the 1991 amendments explain that the new paragraph (c)(1)

> is intended to make it clear that the rule does not apply to preclude any
> relation back that may be permitted under the applicable limitations law.
> Generally, the applicable limitations law will be state law.  If federal
> jurisdiction is based on the citizenship of the parties, the primary
> reference is the law of the state in which the district court sits.  *Walker
> v. Armco Steel Corp.*, 446 U.S. 740 [64 L. Ed. 2d 659] (1980).  If federal
> jurisdiction is based on a federal question, the reference may be to the
> law of the state governing relations between the parties.  *E.g., Board of
> Regents v. Tomanio*, 446 U.S. 478 [64 L. Ed. 2d 440] (1980).  In some
> circumstances, the controlling limitations law may be federal law.  *E.g.,
> West v. Conrail, Inc.*, 481 U.S. 35, 107 S. Ct. 1538 [95 L. Ed. 2d 32]
> (1987).  *Cf. Burlington Northern R. Co. v. Woods*, 480 U.S. 1 [94 L. Ed.
> 2d 1] (1987); *Stewart Organization v. Ricoh*, 487 U.S. 22, 108 S. Ct.
> 2239 [101 L. Ed. 2d 22] (1988).  Whatever may be the controlling body
> of limitations law, if that law affords a more forgiving principle of
> relation back than the one provided in this rule, it should be available to
> save the claim.  *Accord, Marshall v. Mulrenin*, 508 F.2d 39 (1st Cir.
> 1974).  If *Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379 [91 L. Ed.
> 2d 18] (1986) implies the contrary, this paragraph is intended to make a
> material change in the rule.

Fed. R. Civ. Proc. 15 advisory committee's note to 1991 amendments (alterations in

original).

Rule 15(c) received a minor amendment on December 1, 1993; and, from that

date until December 1, 2007 — *i.e.*, the period during which both *Saxton v. ACF Industries, Inc*., 254 F.3d 959 (11th Cir. 2001) (*en banc*), and *Wilson v. Navistar International Transport Corp*., 193 F.3d 1212 (11th Cir. 1999), were decided — the Rule read as follows:

> An amendment of a pleading relates back to the date of the original pleading when
>
> > (1)   relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> >
> > (2)   the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth *or attempted to be set forth in the original pleading*, or
> >
> > (3)   the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Oduok v. Phillips*, 154 F. App'x 878, 880-81 (11th Cir. 2005) (quoting Fed. R. Civ. P. 15(c) as amended Dec. 1, 1993) (emphasis supplied).

The 2007 amendments did not affect subpart (c).  Thus, during the period from December 1, 2007 to December 1, 2009, Rule 15(c) continued to read as set out in the

preceding paragraph.  *See*, *e.g.*, *Force v. City of Memphis*, No. 95-6333,1996 U.S. App. LEXIS 30233, *6 (6th Cir. Nov. 14, 1996) (Lively, J.) (quoting Fed. R. Civ. P. 15(c) as amended Dec. 1, 2007).

Rule 15(c) was most recently amended on December 1, 2009, and it presently reads as follows:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A)  the law that provides the applicable statute of limitations allows relation back;
>
> (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
> (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c) as amended Dec. 1, 2009.

## V.  DISCUSSION PART C:
### Federal Law on Relation Back

14

In the wake of the 1991 amendments to Federal Rule of Civil Procedure 15(c), Eleventh Circuit authority on whether relation back is governed by federal or state law has been unsettled.  In *Wilson v. Navistar International Transport Corp.*, 193 F.3d 1212 (11th Cir. 1999) — a diversity case in which the laws of Alabama provided the substantive rules of decision — the plaintiffs filed an action for product liability against multiple named and fictitious defendants.  *Id.* at 1213.  The district court allowed the plaintiffs to amend their complaint to substitute a defendant named Fontaine Company for one of the timely pleaded fictitious defendants, but later reversed itself after determining that "federal procedural law would not provide for such a substitution by amendment."  *Id.*  On appeal, the Eleventh Circuit faced the issue of whether relation back was governed by federal or state law, and relied in part on *Hess v. Eddy*, 689 F.2d 977 (11th Cir. 1982), to hold that federal law applied:

> Relation-back issues are procedural in nature and the Federal Rules of Civil Procedure apply.  *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 671-72, n. 9 (11th Cir.1991), adopting *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 416 (8th Cir.1967).  In *Crowder* the Eighth Circuit applied *Erie* principles and determined that the district court's application of state "relation-back" principles was improper because the specific provisions of Rule 15(c) governed this federal procedural question.  *See Crowder*, 387 F.2d at 416 (the issue of relation back is one of procedure and is controlled by the Federal Rules of Civil Procedure.).  *See also Hess v. Eddy*, 689 F.2d 977, 980 (11th Cir.), *cert. denied*, 462 U.S. 1118, 103 S. Ct. 3085, 77 L. Ed. 2d 1347 (1982) (holding that the district court "erred in applying Alabama's 'no relation-back' rule in the face of a Federal Rule of Civil Procedure

[17(a)] that expressly authorizes and adopts the 'relation-back' doctrine" in context of administration of estate and suit filed in federal court prior to administratrix receiving official representative status).

The relation back of an amendment to correct a misnomer in pleadings is procedural and governed by federal, not state, law. *Welch v. Louisiana Power & Light Company*, 466 F.2d 1344, 1345 (5th Cir.1972); *Gifford v. Wichita Falls & So. Ry. Co.*, 224 F.2d 374 (5th Cir.), *cert. denied*, 350 U.S. 895, 76 S. Ct. 153, 100 L. Ed. 787 (1955); *Grandey v. Pacific Indemnity Co.*, 217 F.2d 27 (5th Cir.1954); *Barthel v. Stamm*, 145 F.2d 487 (5th Cir., 1944), *cert. denied*, 324 U.S. 878, 65 S. Ct. 1026, 89 L. Ed. 1430 (1945). The Supreme Court has established a strong presumption that the federal rules govern, rather than state law, in cases involving arguably procedural matters. *Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965).

The form of notice contemplated by Rule 15(c) serves the major purpose of state statutes of limitations — to ensure that defendants are given adequate notice in time to prepare a defense. *Welch*, 466 F.2d at 1346. Application of state rules concerning relation back would disrupt important federal policies favoring simplification and uniformity of pleading and liberality of amendment. *Id*. Therefore, the district court acted appropriately when it corrected itself and applied the Federal Rules of Civil Procedure.

*Wilson*, 193 F.3d at 1213-14 (alterations in original).

Two years later, the Eleventh Circuit, sitting *en banc*, reexamined the issue of whether relation back is governed by federal or state law in federal actions founded on diversity of citizenship in *Saxton v. ACF Industries, Inc.*, 254 F.3d 959 (11th Cir. 2001) (*en banc*). The plaintiffs in that case had sued numerous fictitious defendants for an injury under Alabama's general tort statute, but did not include ACF Industries

as a defendant until the third amended complaint, *which was filed after the expiration of the two-year state-law statute of limitations*. *Id.* at 962. When ACF moved for summary judgment, the district court granted the motion, and decided that federal law applied to bar relation back. The Eleventh Circuit reversed, and determined that Federal Rule of Civil Procedure 15(c)(1) incorporates state-law relation back rules *when state law provides the applicable statute of limitations*.

> We now reconsider whether Federal Rule of Civil Procedure 15(c)(1) allows federal courts to apply state law relation-back rules to amendments in a diversity case where state law provides the applicable statute of limitations. For the reasons outlined above, we find that both the language of Rule 15(c)(1) and its accompanying advisory committee notes indicate that Rule 15(c)(1) does incorporate state law relation-back rules in such an instance. Therefore, we join the other circuits in holding that Rule 15(c)(1) allows federal courts sitting in diversity to apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action. *See Arendt* [*v. Vetta Sports, Inc.*], 99 F.3d [231,] 236 [(7th Cir. 1996)]; *Lundy* [*v. Adamar of N.J., Inc.*], 34 F.3d [1173,] 1184 [(3d Cir. 1994)]; *McGregor [v. Louisiana State University Board of Supervisors*], 3 F.3d [850,] 863 n.22 [(5th Cir. 1993)]. To the extent that *Wilson* holds otherwise, it is overruled.

*Saxton*, 254 F.3d at 963 (footnote omitted, alterations supplied).

Defendants argue that *Saxton* serves to bar the application of federal law to relation back in the case before this court because "Alabama law provides the statute of limitations for all claims presented by Plaintiffs."[21]   In *Saxton*, the court's

---

[21] Doc. no. 95, at 4. Although plaintiffs' § 1983 claim arises under federal law, the "statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005) (citing *Wilson v. Garcia*,

jurisdiction was based upon the parties' complete diversity of citizenship and the requisite amount in controversy.  *See* 28 U.S.C. § 1331(a)(1).  In contrast, this court has statutory and federal question jurisdiction over plaintiffs' claims that are asserted through the remedial vehicle of 42 U.S.C. § 1983, and supplemental jurisdiction over plaintiffs' state-law claims under 28 U.S.C. § 1367(a).[22]  Thus, in order to accept defendants' argument, this court would have to conclude that the 1991 amendments to Rule 15(c), as well as the holding in *Saxton*, both require the application of state law to relation back in the statutory, federal question, and supplemental jurisdiction context.  Such an interpretation contravenes the plain language of both Rule 15(c) and the *Saxton* opinion, as well as common sense about civil procedure.

---

471 U.S. 261, 275 (1985); *Owens v. Okure*, 488 U.S. 235, 240-41 (1989)).

[22] *See, e.g.,* doc. no. 1, at 2 ("This Court has jurisdiction over these claims pursuant to 42 U.S.C. § 1983, as well as 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (a)(3) (civil rights) and 28 U.S.C. § 1367(a) (supplemental jurisdiction).").

"Two jurisdictional statutes apply to 42 U.S.C. § 1983 litigation in federal court:  28 U.S.C. § 1343(a)(3), the jurisdictional counterpart of 42 U.S.C. § 1983; and 28 U.S.C. § 1331, the general federal question statute."  Karen M. Blum & Kathryn R. Urbonya, *Section 1983 Litigation*, Federal Judicial Center, 3 (1998), http://www.fjc.gov/public/pdf.nsf/lookup/Sect1983.pdf/$file/Sect1983.pdf.

28 U.S.C. § 1343(a)(3) (1993) provides as follows:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

28 U.S.C. § 1331 (1993) provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

In 1991, Federal Rule of Civil Procedure 15(c) was amended to state that "'an amendment of a pleading relates back to the date of the original pleading when relation back is permitted by the law that provides the statute of limitations applicable to the *action*.'" *Saxton*, 254 F.3d at 962 (quoting Fed. R. Civ. P. 15(c)(1)) (emphasis supplied).  By selecting the word "action," as opposed to the term "claim," Congress appeared to instruct trial courts to examine the nature of the plaintiffs' entire action (*i.e.*, whether the jurisdiction of the action is founded upon the diversity or federal-question statutes), rather than the nature of the plaintiffs' individual claims (*i.e.*, whether those claims are subject to a statute of limitations under federal or state law). Although the current version of Rule 15(c)(1) does not contain a reference to either an "action" or a "claim," those changes were "intended to be stylistic only."[23]

Further, the Advisory Committee Notes on the 1991 amendments to Federal Rule of Civil Procedure 15(c) distinguished between actions in which the court's jurisdiction was based upon the diversity and federal question statutes, and preserved the possibility of applying the federal law on relation back when "federal jurisdiction is based on a federal question."

If federal jurisdiction is based on the citizenship of the parties, the

---

[23] Advisory Committee Notes on the 2007 amendments to Federal Rule of Civil Procedure 15(c).  In 2007, Rule 15(c)(1) was amended to state that "[a]n amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P. 15(c)(1)(A).

primary reference is the law of the state in which the district court sits. *Walker v. Armco Steel Corp.*, 446 U.S. 740 [64 L. Ed. 2d 659] (1980). If federal jurisdiction is based on a federal question, the reference may be to the law of the state governing relations between the parties. *E.g., Board of Regents v. Tomanio*, 446 U.S. 478 [64 L. Ed. 2d 440] (1980). In some circumstances, the controlling limitations law may be federal law. *E.g., West v. Conrail, Inc.*, 481 U.S. 35, 107 S. Ct. 1538 [95 L. Ed. 2d 32] (1987). *Cf. Burlington Northern R. Co. v. Woods*, 480 U.S. 1 [94 L. Ed. 2d 1] (1987); *Stewart Organization v. Ricoh*, 487 U.S. 22, 108 S. Ct. 2239 [101 L. Ed. 2d 22] (1988).

Fed. R. Civ. P. 15 advisory committee's note (alterations in original, emphasis supplied).

Finally, when crafting its holding that Federal Rule of Civil Procedure 15(c)(1) includes state-law relation-back rules when state law provides the statute of limitations, the *Saxton* court was careful to repeatedly include qualifying phrases, limiting the Court's holding only to those cases in which the court's jurisdiction was premised upon the diversity statute.

We now reconsider whether Federal Rule of Civil Procedure 15(c)(1) allows federal courts to apply state law relation-back rules to amendments *in a diversity case* where state law provides the applicable statute of limitations. For the reasons outlined above, we find that both the language of Rule 15(c)(1) and its accompanying advisory committee notes indicate that Rule 15(c)(1) does incorporate state law relation-back rules *in such an instance*. Therefore, we join the other circuits in holding that Rule 15(c)(1) allows federal courts *sitting in diversity* to apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action. *See Arendt* [*v. Vetta Sports, Inc.*], 99 F.3d [231,] 236 [(7th Cir. 1996)]; *Lundy* [*v. Adamar of N.J., Inc.*], 34 F.3d [1173,] 1184 [(3d Cir. 1994)]; *McGregor* [*v. Louisiana State*

*University Board of Supervisors*], 3 F.3d [850,] 863 n.22 [(5th Cir. 1993)].  To the extent that *Wilson* holds otherwise, it is overruled.

*Saxton*, 254 F.3d at 963 (footnote omitted, emphasis and alterations supplied).

## A.    Other Federal Authority on the Issue of Whether Relation Back is Governed by Federal or State Law

In the factually similar case of *Estate of Fortunato by Fortunato v. Handler*, 969 F. Supp. 963 (W.D. Pa. 1996), which was decided after the 1991 amendments to Federal Rule of Civil Procedure 15(c), a New Jersey district court continued to rely on *Hess v. Eddy*, 689 F.2d 977 (11th Cir. 1982), and applied the federal law on relation back.  In *Fortunato*, the decedent was shot and killed by police during the execution of a misdemeanor warrant for his arrest.  969 F. Supp. at 966.  The plaintiff, the decedent's twin brother, filed a complaint as "personal representative" of the estate, and asserted federal-law claims under 42 U.S.C. § 1983, as well as supplemental state-law claims for assault, battery, and intentional infliction of emotional distress under 28 U.S.C. § 1367.  *Id.* at 966, 974.  Although the complaint was filed one day *before* the expiration of the state-law two-year statute of limitations on the § 1983 claims, the plaintiff did not apply for or receive letters of administration for the estate until *after* that limitations period had run.  *Id.* at 966.  When the state actors moved to dismiss the complaint as untimely, the trial court held that their "reliance on Pennsylvania case law is misguided . . . because federal procedural law,

21

specifically Federal Rule of Civil Procedure 17(a), governs the relation back issue in this case." *Id.* at 967.

> "If there is a Federal Rule of Civil Procedure covering a particular issue in dispute between the parties, such a rule governs in a federal diversity action even if resort to state law would lead to a different result." *In re Asbestos School Lit.*, 768 F. Supp. 146, 150 (E.D. Pa. 1991), citing *Hanna v. Plumer*, 380 U.S. 460, 14 L. Ed. 2d 8, 85 S. Ct. 1136 (1965). Under *Hanna v. Plumer*, "the question of relation back is procedural and therefore properly analyzed according to federal practice." *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995). *See also Hess v. Eddy*, 689 F.2d 977, 980 (11th Cir. 1982), *cert. denied*, 462 U.S. 1118, 77 L. Ed. 2d 1347, 103 S. Ct. 3085 (district court "erred in applying Alabama's 'no relation back' rule in the face of a Federal Rule of Civil Procedure [17(a)] that expressly authorizes and adopts the 'relation back' doctrine" in context of administration of estate and suit filed in federal court prior to administratrix receiving official representative status); *Brohan v. Volkswagen Mfg. Corp. of America*, 97 F.R.D. 46, 49 (E.D. N.Y. 1983) (in similar context, Fed. R. Civ. P. Rule 17(a) applies by its plain language and, under *Hanna v. Plumer*, overrides New York law to the contrary).

> Fed. R. Civ. P. 17(a) of the Federal Rules of Civil Procedure specifically addresses the issue of substitution, ratification or joinder of the real party in interest and the effect thereof on suits previously filed:

>> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

> In analyzing Rule 17(a), the Court of Appeals for the Eleventh

22

Circuit concluded that:

> The plain language of the Rule clearly provides that when an action is brought by someone other than the real party in interest within the limitations period, and the real party in interest joins or ratifies the action after the limitations period has run, the amendment or ratification relates back to the time suit was originally filed and the action need not be dismissed as time barred.

*Hess v. Eddy*, 689 F.2d at 980.

Fed. R. Civ. P. 17(a) "sets forth a rule of procedure that is to be applied in federal courts . . . even where the courts of the forum state have rejected the 'relation back doctrine.'" *Id.* at 981. Thus, if "the initial filing came within the applicable limitations period, the suit is not time barred," *id.*, even if Pennsylvania law would not recognize the relation back. *See Levinson v. Deupree*, 345 U.S. 648, 97 L. Ed. 1319, 73 S. Ct. 914 (1953), relied upon in *Hess*, (in the case of a wrongful death action brought by party not yet properly appointed as administrator of decedent's estate, and where the appointment occurs only after the statute of limitations has run, a federal court must allow the appointment to relate back to the time of the initial filing even if the forum state would not allow the relation back and would hold the action time-barred in its own courts).

Although Paul Fortunato was not appointed administrator of decedent's estate until February 7, 1995, his post-appointment ratification of that suit has the same effect as if the action had initially been commenced in the name of the real party in interest pursuant to Fed. R. Civ. P. 17(a). Accordingly, the Pennsylvania statute of limitations does not bar plaintiff's claim, which, because it related back to the timely complaint filed when the administrator's status was not yet official, was timely filed within the two-year statutory period.

*Estate of Fortunato*, 969 F. Supp. at 966-68 (alterations in original).

23

Accordingly, it appears that after the 1991 amendments to Federal Rule of Civil Procedure 15(c), federal law continues to govern relation back in federal question cases.  Thus, under Federal Rule of Civil Procedure 17(a) — both as it was worded in 1982, when the *Hess* opinion was handed down, and today — plaintiffs' amended complaint relates back to the filing of their original complaint.

Even so, given that Eleventh Circuit authority on whether relation back is governed by federal or state law in federal court is presently unsettled, this court will not end its analysis here, but will review the arguments for reconsideration, assuming for the sake of discussion that Alabama law applies.

## B.   Alabama Law on Relation Back

Defendants correctly note that "Alabama's wrongful death statute is the only mechanism through which either of [plaintiffs'] claims survives," and that the only individual who can invoke that statute is the personal representative of the decedent's estate who was duly-appointed by the Probate Judge of Jefferson County, Alabama.[24] However, defendants then argue that "Alabama law precludes the relation back of an amended complaint to an original complaint which was filed in violation of Alabama's wrongful death law."[25]  That argument directly contravenes the holding in

---

[24] Doc. no. 95, at 6.  Alabama Code § 6-5-410(a) states that a "*personal representative* may commence an action" for wrongful death.  Ala. Code § 6-5-410(a) (1975) (emphasis supplied).

[25] *Id.* at 5 (citing *Cadle Co. v. Chabani*, 4 So. 3d 460, 463 (Ala. 2008); *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465, 466 (Ala. 1979)).

24

*Ellis v. Hilburn*, 688 So. 2d 236 (Ala. 1997), which permitted the relation back of an amended complaint to an original complaint that was filed before the plaintiff became the personal representative of the decedent's estate.

In *Ellis*, the plaintiff's husband was allegedly killed by the medical malpractice of the defendant doctor. *Ellis*, 688 So. at 236. The plaintiff filed her original complaint as her husband's "next-of-kin." *Id.  One day before the expiration of the statute of limitations*, the plaintiff was duly appointed as her husband's personal representative. *Id.* When the defendant moved to dismiss the complaint on grounds of untimeliness, the trial court denied the motion, and allowed the plaintiff to amend her complaint to state that she had been appointed as personal representative within the statutory period. *Id.* at 237. The Supreme Court of Alabama affirmed, and reasoned as follows:

> The determinative issue in this case is whether a wrongful death complaint filed by one acting as "next-of-kin" of the deceased, but who was not at the time the personal representative of the deceased's estate, can be amended after the expiration of the two-year wrongful death limitations period to name the plaintiff as the personal representative, where the "next-of-kin" who filed the original complaint has in fact been appointed administratrix of the estate within the two-year limitations period.

> Dr. Ellis argues that Mrs. Hilburn did not file the action as the administratrix within two years of her husband's death, pointing out that the Wrongful Death Statute requires, as a substantive part of the cause of action, commencement of the action within two years of the death of

25

the decedent.  He relies on *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465 (Ala. 1979), *cert. denied*, 445 U.S. 930, 100 S. Ct. 1318, 63 L. Ed. 2d 763 (1980).  Dr. Ellis argues that, because the complaint filed in October 1994 was filed by Mrs. Hilburn as "next-of-kin" and not as the administratrix, the complaint was a nullity and therefore could not be amended or corrected.  Therefore, he argues, the amended complaint filed in January 1995 is also a nullity because, he contends, it has nothing to relate back to under Rule 15(c), Ala. R. Civ. P.

In *Pool* this Court addressed similar issues of (1) whether one who is not an administrator of the estate may initially maintain a wrongful death action and (2) whether an amendment can relate back, when filed after the expiration of the two-year period, to substitute as the plaintiff the administrator, who had been appointed administrator after the two-year period had expired.  In *Pool*, J.P. filed a complaint based on the death of E.P., who had died on November 24, 1976.  After the two-year period had expired, J.P. sought to amend his complaint to substitute as the plaintiff B.J., who had been appointed administrator of E.P.'s estate on February 5, 1979, more than two years after E.P.'s death. This Court held that because there had been no one authorized to file the action before the expiration of the two years, the doctrine of relation-back had no application.

In *Pool*, the administrator was not appointed until after the limitations period had expired. In contrast, Mrs. Hilburn was appointed administratrix before the limitations period expired.[26]  Dr. Ellis, looking to *Holyfield v. Moates*, 565 So. 2d 186 (Ala. 1979), argues that Mrs. Hilburn's suing as next-of-kin was void *ab initio* and therefore could not be ratified by her later being appointed administratrix.  This Court stated in *Holyfield*, 565 So. 2d at 187-89:

---

[26] This court notes that the defendants in this case cite the same authority (*i.e.*, *Pool*, 375 So. 2d) to support the same argument (*i.e.*, that "Alabama law precludes the relation back of an amended complaint to an original complaint which was filed in violation of Alabama's wrongful death law and [that the complaint] is therefore a nullity") as Dr. Hilburn did in *Ellis*. *Compare* doc. no. 95, at 5 *with  Ellis*, 688 So. at 238*.*  As in *Ellis*, this court will reject defendants' argument because one of the plaintiffs, Heracia Pickett, was appointed as the decedent's personal representative prior to the expiration of the statute of limitations.  *See* doc. nos. 29 and 51.

> "In [*Pool*] and *Brown v. Mounger*, [541 So. 2d 463 (Ala. 1989)], we held that to bring a wrongful death action pursuant to § 6-5-410 . . . the personal representative must be a duly appointed executor or administrator, and that the failure of the personal representative to be so appointed rendered his acts void. . . .
>
> ". . . .
>
> ". . . That which is void provides no basis for corrective action.  That which is merely voidable is viable until declared void and it will support both a waiver and an amendment."

However, Rule 17(a), Ala. R. Civ. P., suggests that so long as capacity exists before the limitations period expires, the wife, after being appointed administratrix within the limitations period, may then, as the real party in interest, ratify the commencement of the action.  Thus, with respect to ratification, Rule 17(a) provides:

> "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

In *Holyfield*, *supra*, this Court distinguished between acts that are voidable and those that are void. It reversed the judgment of the trial court and remanded to allow an amendment, filed after expiration of the limitations period, to substitute the properly appointed personal representative as the real party in interest.  The Court held that the amendment related back to the filing of the original complaint because the acts of the prior, improperly appointed personal representative, who as a nonresident of Alabama was disqualified, were not void, but merely

27

voidable.  The Court reasoned that the "holding is mandated by Rule 17(a), Ala. R. Civ. P."  565 So. 2d at 189.  In reaching this conclusion, the Court looked to the reasoning of *Hess v. Eddy*, 689 F.2d 977 (11th Cir. 1982), and, upon reviewing the *Hess* court's interpretation of Rule 17, Fed. R. Civ. P., stated the following:

> "'The plain language of the Rule clearly provides that when an action is brought by someone other than the real party in interest within the limitations period and the real party in interest joins or ratifies the action after the limitations period has run, the amendment or ratification *relates back* to the time suit was originally filed and the action need not be dismissed as time barred.'"

*Holyfield*, 565 So. 2d at 189 (emphasis in original).  Earlier in the *Holyfield* opinion, this Court reviewed its decision in *Pool* and, relying on the *Pool* rationale, stated: "If the two-year period prescribed by the statute has expired before the representative is 'duly appointed,' the heirs of the decedent are barred from recovery."  *Holyfield*, 565 So. 2d at 187.  Because the two-year period did not expire before Mrs. Hilburn was "duly appointed" as administratrix, she established her capacity within the limitations period and, thereby, ratified her claim.  *Holyfield*; Rule 17(a).  Her amendment, therefore, relates back to the date she filed her complaint.

The motion to amend in this case is based upon Rule 17(a), not on Rule 15(c).  *Pool* did not discuss ratification pursuant to Rule 17(a), and the holding in that case is based solely upon application of Rule 15(c) (dealing with relation back of amendments).  This Court in *Holyfield*, however, recognized the distinction in its application of Rule 17(a).  The rationale of that case supports a finding of a ratification of the filing of Mrs. Hilburn's action by her appointment within the limitations period.  Thus, we conclude that her amendment related back pursuant to Rule 15(c).

*Ellis v. Hilburn*, 688 So. 2d at 238-39 (alterations in original).

In sum, just as plaintiffs' amended complaint relates back to the filing of their original complaint under Federal Rule of Civil Procedure 17(a), it also does so under Alabama Rule of Civil Procedure 17(a).

## VI. CONCLUSION AND ORDER

For all of the foregoing reasons, defendants' motions for reconsideration are OVERRULED and DENIED, and the Clerk is directed to return this case to the Magistrate Judge to whom it was assigned when filed for all further proceedings up to and, if the parties consent, through trial.

**DONE** and **ORDERED** this 29th day of January, 2013.

United States District Judge

29