UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HERACIA PICKETT, as the personal representative of the ESTATE OF VINCENT L. ROWELL,        )<br>)<br>)<br>)<br>Plaintiff,                                  )<br>)<br>v.                                                    )<br>)<br>DAVID WILLIAMSON, et al.,             )<br>)<br>Defendants.                             )<br>)<br>) | Civil Action Number: 5:11-cv-03439-JHE |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Heracia Pickett ("Plaintiff") initiated this action as the personal representative of the Estate of Vincent L. Rowell against, among other defendants and other claims, Defendants John Mark Tirey, Trent McCluskey, Johnathan Long, Rachael Harper, and Alfred Grace (collectively, "the Walker County Defendants"), asserting constitutional violations for deliberate indifference under 42 U.S.C. § 1983.  (Doc. 1).  After the defendants filed several dispositive motions, Plaintiff moved to amend the first amended complaint.  (Doc. 124). On November 21, 2014, the Court granted the motion to amend in part and denied it in part, allowing some of the complaint's claims to be amended while dismissing others without leave to reassert them.  (Docs. 159, 162, & 163).  On December 8, 2014, Plaintiff filed her second amended complaint.  (Doc. 165).  On December 22, 2014, the Walker County Defendants moved to dismiss the second amended complaint.  (Doc. 167).  The motion is fully briefed and ripe for review.  (Docs. 167, 169, & 170).  For the reasons stated more fully below, the Walker

1

County Defendants' motion to dismiss the second amended complaint, (doc. 167), is **DENIED**.

## I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557, 127 S. Ct. 1955).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1949 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the

2

reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

## II. Analysis

In their motion to dismiss, the Walker County Defendants assert the second amended complaint is deficient because it asserts Fourth Amendment and Eighth Amendment claims against them instead of Fourteenth Amendment claims. (Doc. 167 at ¶ 2). They point to the Jurisdiction and Venue section of the second amended complaint, which states:

> Plaintiff claims that Defendants' actions violated Rowell's rights to be free from unreasonable seizure as protected by the Fourth Amendment to the United States Constitution, and his right to protection against cruel and unusual punishment under the Eight Amendment as made applicable to the states and municipalities by the Fourteenth Amendment.

(*Id.* at ¶ 3) (quoting doc. 165 at 2). Because of this paragraph, the Walker County Defendants assert "Plaintiff asserts a Fourth and Eighth Amendment claims [sic] that is made applicable by the Fourteenth Amendment but does not bring a separate Fourteenth Amendment due process claim." (*Id.*). They then state "Plaintiff does not cite any constitutional provision for the claims he raises against the County Defendants but only asserts 42 USC § 1983 as the basis of the claims," despite the fact § 1983 is not itself a separate basis of liability. (*Id.* at ¶ 4) (citing doc. 165 at 52-55). The last two paragraphs of the motion's analysis set out in detail why Plaintiff's extensive allegations of fact state not Fourth or Eighth Amendment claims but Fourteenth Amendment claims. (*Id.* at ¶¶ 5-6). Citing no authority for the proposition, the Walker County Defendants contend "Plaintiff's failure to assert a specific Fourteenth Amendment *claim* is fatal." (*Id.* at 6).[1] In the end, they request the Court dismiss the claims

---

[1] Earlier in their motion, the Walker County Defendants cite to *Albright v. Oliver*, 510 U.S.

3

against them because Plaintiff has had over five years to fix her admittedly technical, pleading error.   (*Id.* at 6 n.5 & 7).

However, courts generally look to substance of a pleading, not its labels and form.   *See Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1253 (11th Cir. 2005) ("We read the complaint as a whole.   In addition, a formulaic misstep by counsel is not fatal under the notice pleading standard (where fair notice is all that is required) of Federal Rule of Civil Procedure 8(a). [Defendant] cannot say that it did not receive fair notice of the torture claim just because the language about lasting mental trauma was placed in another section of the complaint.") (citing, *inter alia*, 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004) (describing a pleading as judged "by the quality of its substance rather than according to its form or label and, if possible, it will be construed to give effect to all its averments")); *Scharff v. Wyeth*, No. 2:10-CV-220-WKW, 2011 WL 3320501, at *16 (M.D. Ala. Aug. 2, 2011) ("Substance, not labels, governs."); *Paramo v. IMICO Brickell, LLC*, No. 08-20458-CIV, 2008 WL 4360609, at *7 (S.D. Fla. Sept. 24, 2008) ("[T]his Court looks beyond the captions and labels in a complaint to the content and substance of the allegations . . . .").

Regarding notice and prejudice, the Walker County Defendants' argument essentially

---

266, 271 (1994), for the proposition that, "to plead a plausible claim, the first step for any plaintiff is to identify the specific constitutional right allegedly violated."   (Doc. 167 at ¶ 4).   They rely on this analysis again in their reply.   (Doc. 170 at 2).   However, while the *Albright* case does support the conclusion that *analysis* of a § 1983 claim begins with the determination of what that right is, it does not address the *sufficiency of an allegation* of that claim under notice pleading and *Iqbal*. *See* 510 U.S. at 271-275.   The United States Supreme Court in that case was addressing the "limited" claim of whether "the action of respondents infringed his substantive due process right to be free of prosecution without probable cause."   *Id.* at 271.   When the Court decided it would not expand substantive due process and the Fourth Amendment was the proper basis for analysis, it affirmed the lower court.   *Id.* at 273-74.   To the extent the Walker County Defendants intend *Albright* to support the subsequent statement that failure to use the proper "magic words" is fatal to a claim, it does not support their assertion.

4

concedes that they know exactly what claim Plaintiff is trying to bring.  (*See* doc. 167 at ¶¶ 5-6) (setting out why Plaintiff's allegations actually state a claim under the Fourteenth Amendment, not the Fourth or Eighth).  As a result, they cannot assert they are prejudiced by any mislabeling of the claim.  *See, e.g.*, *McRae v. Knapp*, No. CIV. 11-00361-CG-N, 2012 WL 2681832, at *4 (S.D. Ala. July 6, 2012) ("While there can be no doubt that [asserting a Fourteenth Amendment claim instead of a Fourth Amendment claim] was a flaw in [Plaintiff]'s pleading . . . , [Plaintiff]'s complaint nevertheless meets the now well-established standard set forth in *Iqbal* . . . , by alleging 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.' . . . The complaint and the pleaded facts it contains were sufficient to place the defendants on notice that [Plaintiff] was pursuing a § 1983 excessive force claim, which invokes the protection of the Fourth Amendment, even if the magic words 'Fourth Amendment' were missing from the Complaint."); *Scharff*, 2:10-CV-220-WKW, 2011 WL 3320501, at *17 ("[Defendant]'s Answer confirms that it was on notice of [Plaintiff]'s wantonness claims and cannot (indeed, does not) now say it was prejudiced.  Accordingly, [Plaintiff] states a wantonness claim in her Amended Complaint.").

The undersigned already found in the earlier report and recommendation that Plaintiff's claims against the Walker County Defendants were sufficient under the Rule 12(b)(6) standard because Plaintiff had clearly and extensively alleged facts to support deliberate indifference claims against the remaining defendants under the Fourteenth Amendment.  (Doc. 159 at 6 n.2, 17 n.8, & 18-21).  Therefore, the undersigned cannot find that Plaintiff has failed to state a claim upon which relief may be granted or that she failed to put the Walker County Defendants on notice of that claim.

### III. Conclusion

Accordingly, Defendants' motion to dismiss the second amended complaint, (doc. 167), is **DENIED**.

DONE this 22nd day of May 2015.

                              _____
                              **JOHN H. ENGLAND, III**
                              UNITED STATES MAGISTRATE JUDGE